# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | Martin C. Ashman |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7553 | **DATE** | 5/16/2003 |
| **CASE TITLE** | George Butler, et al. vs. City of Chicago, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Report and recommendation recommending that plaintiffs' motion for a preliminary injunction [9-1] be denied and defendants' motion to dismiss plaintiffs' motion for injunctive relief [40-1] be granted is hereby entered of record. All matters relating to the referral of this action having been resolved, the case is returned to the assigned judge.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | **#** number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAY 1 9 2003 date docketed | |
| | Notified counsel by telephone. | | | 51 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 5/16/2003 date mailed notice | |
| | IS | courtroom deputy's initials | ED-7 FILED FOR DOCKETING 03 MAY 16 PM 4:35 Date/time received in central Clerk's Office U.S. DISTRICT COURT | IS mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAY 1 9 2003

GEORGE BUTLER and JEROME BUTLER, )
)
      Plaintiffs, )  Case No. 02 C 7553
)
v. )  Judge Ronald A. Guzman
)
CITY OF CHICAGO, *et al.*, )  Magistrate Judge
)  Martin C. Ashman
      Defendants. )

## REPORT AND RECOMMENDATION

This case is before the Court on Plaintiffs George Butler and Jerome Butler's motion for a preliminary injunction and Defendant City of Chicago's motion to dismiss Plaintiffs' motion for injunctive relief.[1] For the reasons set forth below, the Court finds that Plaintiffs' motion should be denied, and Defendants' motion should be granted.[2]

---

[1] On March 24, 2003, this Court allowed the individual named defendants to join the City of Chicago's motion to dismiss Plaintiffs' motion for injunctive relief. The Cook County State's Attorney's Office has filed a response to Plaintiff's motion for injunctive relief, making similar arguments as the City of Chicago. For these reasons, the Defendants will be referred to collectively.

[2] This matter comes before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1 for a report and recommendation.

51

## I. Background

Plaintiffs George Butler and Jerome Butler filed their Amended Complaint on December 30, 2002, and filed their Motion for Injunctive Relief the same day. Their motion seeks to enjoin a state court criminal action against them for theft by deception.[3]

The events leading up to Plaintiffs' arrest, as told by Plaintiffs, start with a durable power of attorney form drawn up by Defendant Gay Lloyd Smith and executed by Defendant Willie Pearl Parker giving George Butler power of attorney. Plaintiffs claim that a few years later Ms. Parker decided to give a decrepit six flat apartment building located at 1516-18 East Marquette Road in Chicago, Illinois to George Butler. As George Butler could not secure loans to improve the property, Ms. Parker executed a quit claim deed in favor of Jerome Butler (George's son), transferring the property to him. Mr. Smith, an attorney, represented Ms. Parker in these transactions along with Attorney Robert C. Morton (not a party to this action). Ms. Parker continued to live in the property without paying rent. Jerome Butler secured various loans to improve the property. He has since defaulted on these loans which he blames on the ensuing actions taken by Ms. Parker, Mr. Smith, the City of Chicago, various police officers, and the Cook County State's Attorney's Office.

On May 23, 2001, Ms. Parker signed a criminal complaint for theft by deception against George Butler stemming from the above facts.[4] Plaintiffs were subsequently arrested, and are

---

[3] Defendants add that Plaintiffs also are being prosecuted for financial exploitation of an elder person.

[4] The complaint does not name Jerome Butler but Plaintiffs allege that a complaint was sworn out against him and that he has been prosecuted for this matter.

-2-

currently being prosecuted by the State's Attorney's Office. Ms. Parker also brought a civil action against Plaintiffs in the Circuit Court of Cook County. Plaintiffs claim that this civil action has been voluntarily dismissed by Ms. Parker.

In their Amended Complaint, Plaintiffs allege, *inter alia*, denial of due process, false arrest, denial of a right to a speedy trial, and malicious prosecution. The motion for a preliminary injunction seeks to reestablish the "status quo that existed prior to the inception of the [Defendants'] actions." (Pls. Mot. for Prelim. Inj. at p. 39.) The Plaintiffs ask the Court to halt and reverse the hardships that they have endured over the past few years. (Id.) Defendants respond that the Court should abstain from acting in this matter due to the *Younger* doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). Alternatively, they argue that a preliminary injunction is not warranted in this case.

## II. Discussion

### A. The Younger Abstention Doctrine

Under the *Younger* abstention doctrine, federal courts are required to abstain from "enjoining ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances--like bias or harassment--exist which auger against abstention." *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998).[5] All of these elements have been met

---

[5] Under the *Younger* doctrine, "declaratory relief is also improper when a prosecution involving the challenged statute is pending in state court at the time the federal suit is initiated." *Younger*, 401 U.S. at 41, n.2. Plaintiffs briefly request a declaratory judgment in their favor to
(continued...)

in this case. The criminal action against Plaintiffs is ongoing and clearly judicial in nature. The State of Illinois has an important state interest in enforcing its laws and protecting the elderly.[6] Plaintiffs have not alleged that the state court will not protect their constitutional rights; although they may have lost their motion for a speedy trial, their right to appeal to the Illinois Appellate Court and Supreme Court is intact. *See id.* at 713 (subsequent judicial review is a sufficient opportunity to raise constitutional challenges).

None of the exceptions to the *Younger* doctrine are present in this case. Along with the "extraordinary circumstances" mentioned above, a federal court may intervene in a state court proceeding only if the state prosecution is conducted in bad faith, or there is "'an extraordinarily pressing need for immediate equitable relief,'" or the challenged statute provision is "'flagrantly and patently'" unconstitutional. *Jacobson v. Village of Northbrook Mun. Corp.*, 824 F.2d 567, 569-70 (7th Cir. 1987) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124-25 (1975) and *Moore v. Sims*, 442 U.S. 415, 423 (1979), respectively). A showing of a bad faith prosecution demonstrates irreparable injury to satisfy the comity restraints in *Younger*. *Collins v. County of*

---

[5](...continued)
the effect that the Defendants have no evidence against them that is sufficient to sustain the criminal proceedings. For the same reasons as discussed in the text, the Court will abstain from interfering in the state court proceeding. Additionally, there is evidence against them that they have attached to their amended complaint – namely the affidavit sworn out against them by Ms. Parker. Furthermore, Plaintiffs do not develop this request for a declaratory judgment, and although we will construe allegations in pro se pleadings liberally, *c.f. Kincaid v. Vail*, 969 F.2d 594, 598 (7th Cir. 1992), such a perfunctory argument that is unsupported by authority is deemed waived. *See c.f. John v. Barron*, 897 F.2d 1387, 1393 (7th Cir. 1990) (appellate briefs "plainly require more than a one page argument unsupported by any authority").

[6] The Court need not and does not have any opinion regarding the guilt or innocence of Plaintiffs in order to determine that they are not being prosecuted in bad faith or to recognize that important state interests are implicated.

*Kendall*, 807 F.2d 95, 98 (7th Cir. 1986) (citations omitted). Although Plaintiffs assert that the State's Attorney's Office has maliciously prosecuted them, their allegations are vague and conclusory. They have not alleged any specific facts to support an inference of bad faith. *See Pincham v. Illinois Judicial Inquiry Bd.*, 872 F.2d 1341, 1349 (7th Cir. 1989) (citations omitted). Nor do any of the facts they discuss show that the state criminal proceedings were brought against them to retaliate for, or deter their exercise of constitutionally protected rights. *See id.* at 1349-50.

Furthermore, Plaintiffs have not shown an extraordinarily pressing need for immediate equitable relief. For obvious reasons, they are not happy about the situation they find themselves in. Specifically, they complain that the state court proceedings have caused irreparable harm in the form of monetary loss, including loss of a job and foreclosure of the six flat, and harm to their personal reputations. Unfortunately for Plaintiffs, however, these injuries are "solely [those] incidental to every criminal proceeding brought lawfully and in good faith . . . and therefore . . . [they are] not entitled to equitable relief even if such statutes are unconstitutional." *Younger*, 401 U.S. at 49 (internal quotations omitted). Lastly, Plaintiffs do not allege that the statute under which they are being prosecuted is "flagrantly and patently" unconstitutional, and we decline to reach such a conclusion.

Accordingly, we find that the Court should abstain from ruling on the motion for preliminary injunction.

B.  **Preliminary Injunction**

Even if the Court were not to abstain, we would not grant the Plaintiffs' motion for a preliminary injunction. The majority of Plaintiffs' motion was simply copied from their amended complaint and the Court finds that Plaintiffs have not met their burden of persuasion. *See Boucher v. School Bd. of the School Dist. of Greenfield*, 134 F.3d 821, 823 (7th Cir. 1998) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (movant bears the burden of persuasion by a "clear showing")). Plaintiffs have failed to show that they have no adequate remedy at law or will suffer irreparable harm if the injunction is not granted, that they have a reasonable likelihood of success on the merits, or that the harm to the Defendants is outweighed by the harm to the Plaintiffs. *See Roland Mach. Co. v. Dresser Indus.*, 749 F.2d 380, 386-87 (7th Cir. 1984) (discussing preliminary injunction elements).

On the contrary, as discussed above, the only irreparable harm that Plaintiffs point to is harm that is incidental to every criminal proceeding. *See Younger*, 401 U.S. at 46 ("the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term"). They have not alleged that they have no remedy at law, and in fact Plaintiffs can present their federal defenses directly in the state court system. *See Zapata v. Hartigan*, 749 F. Supp. 864, 868 (N.D. Ill. 1990) (finding that plaintiff who was being prosecuted in state court had an adequate remedy at law through the state appellate courts). Furthermore, they have not explained how, based on the facts that they set forth, they have a reasonable likelihood of success on the merits, besides their bare assertions that they are innocent. Additionally, the harm to the state's interest in enforcing its public policy and penal laws is not outweighed by any harm that Plaintiffs have suffered. In

fact, an unwarranted federal intrusion into the state's actions would "harm the public interest and notions of 'comity' and 'Our Federalism.'" *See id.* at 869 (citing *Younger*, 401 U.S. at 44-45).

### III. Conclusion

The Court concludes that we should abstain from ruling on Plaintiffs' motion for preliminary injunction under the *Younger* doctrine. Additionally, Plaintiffs' motion fails on substantive grounds. For the foregoing reasons, the Court recommends that Plaintiffs' motion for preliminary injunction be denied, and Defendants' motion to dismiss Plaintiffs' motion for injunctive relief be granted.

Dated: May 16, 2003.

MARTIN C. ASHMAN
United States Magistrate Judge

Written objections to any finding of fact, conclusion of law, or the recommendation for disposition of this matter must be filed with the Honorable Ronald A. Guzman within ten (10) days after service of this Report and Recommendation. *See* Fed. R. Civ. P. 72(b). Failure to object will constitute a waiver of objections on appeal.

Copies have been mailed to:

| | |
|---|---|
| GEORGE BUTLER<br>1516-18 East Marquette Road<br>2nd Floor East Apartment<br>Chicago, IL 60637<br><br>JEROME BUTLER<br>1516-18 East Marquette Road<br>1st Floor East Apartment<br>Chicago, IL 60637 | ARNOLD H. PARK<br>Assistant Corporation Counsel<br>MARA S. GEORGES<br>Corporation Counsel<br>City of Chicago - Law Department<br>30 North LaSalle Street<br>Suite 900<br>Chicago, IL 60602<br><br>KIMBERLY E. BROWN<br>Assistant Corporation Counsel<br>City of Chicago - Law Department<br>30 North LaSalle Street<br>Suite 1400<br>Chicago, IL 60602<br><br>THOMAS R. SAMSON<br>Assistant Corporation Counsel<br>City of Chicago - Law Department<br>30 North LaSalle Street<br>Suite 1020<br>Chicago, IL 60602<br><br>MICHAEL D. JACOBS<br>Assistant State's Attorney<br>Complex Litigation Division<br>301 Richard J. Daley Center<br>Chicago, IL 60602 |
| *Pro Se* Plaintiffs | Attorneys for Defendants |